## CARIBE CANDY CO. v. MACKENZIE CANDY CO.

Civ. No. 25386.

District Court, N. D. Ohio, E. D.

June 3, 1948.

Ingoldsby, Coles & Wright, of Washington, D. C., and Vincent M. Arnold, of Cleveland, Ohio, for plaintiff.

James A. Butler, of Cleveland, Ohio, for defendant.

JONES, District Judge.

This is an action for breach of contract.

Defendant filed a motion to dismiss for failure to state a claim upon which relief may be granted or, in the alternative, to make definite and certain and to strike. Plaintiff responded by filing a pleading entitled "Amended Complaint," setting forth

further details concerning the alleged breach of contract.

Defendant has filed a motion for summary judgment on the ground that the "Amended Complaint" does not state a claim.

 While it is true that the so-called amended complaint is incomplete, however, it is proper to assume that plaintiff intended the "amended complaint" to be a supplemental complaint and we may therefore consider both of the pleadings together.

In paragraph III of the original complaint, plaintiff says: "The defendant has refused to pay the price for said candy as required by the contract."

In paragraph 4 of its supplemental complaint, plaintiff alleges: "Mackenzie has refused to pay Caribe the price for the candy required by the contract and has advised Caribe of its refusal. Specifically, on or about January 25, 1948, Mackenzie refused to pay Caribe on the basis of sixty cents (60¢) per box for the equivalent of thirteen thousand nine hundred and eighteen boxes of twenty-four fudge bars weighing approximately one and one-half ounces each."

Defendant is of the view that these allegations are meaningless and state no cause of action "inasmuch as no price has been set forth in the complaint, no quantity of candy alleged to have been shipped under the contract and not paid for * * *."

Although the original complaint is headed Complaint For Breach of Contract, there is no allegation therein of a breach of contract by defendant. The strongest statement made by plaintiff is that "defendant has refused to pay the price for said candy required by the contract." Plaintiff does not allege that this refusal is a breach of contract. It may be that the conditions under which defendant is required to pay "the price" have not yet occurred.

 The Federal Rules extend the utmost liberality to litigants with respect to forms of pleading and require only "short plain statements" of their causes of action. Rule 8(a), 28 U.S.C.A. following section 723c.. The Rules should not be so liberally construed that a plaintiff may merely hint that he is alleging breach of contract without actually making such an allegation.

 Defendant's motion to dismiss will be granted (without prejudice) on the ground that the complaints (both original and supplemental) fail to state a claim upon which relief may be granted.